UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE ALFONSO ARIAS GARCIA,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ, *et al.*,<br>Respondents. | Case No. C26-3804-MLP<br><br>ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Jose Alfonso Arias Garcia is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE"). On October 7, 2026, Petitioner, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he asserts that his Fifth Amendment right to procedural due process was violated when he was re-detained by ICE in August 2026. (*See* dkt. # 1.) The following day, October 8, 2026, the Court issued an Order directing Respondents to show cause why the petition should not be granted. (Dkt. # 2.)

On October 13, 2026, Respondents filed a notice advising that on October 4, 2026, before this federal habeas action was filed in this District, Petitioner was transferred to the California City Correctional Center in Kern County, California. (Dkt. # 5.) Respondents assert that because Petitioner's petition was filed outside the district of his confinement, and because it failed to

name Petitioner's immediate custodian, this Court lacks jurisdiction over the petition. (*Id*. at 2.) Respondents further assert that the Court may dismiss the petition without prejudice for want of jurisdiction or, in the alternative, transfer the action to the Eastern District of California where Petitioner is currently confined. (*Id*.) Respondents take no position on whether dismissal or transfer is more appropriate. (*Id*.) On October 19, 2026, Petitioner filed a response to Respondents' notice of transfer in which he requested that this Court transfer his petition to the Eastern District of California. (Dkt. # 6.)

Section 2241 authorizes federal habeas relief for individuals who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). When habeas petitioners seek to challenge their present physical confinement, they must name as the respondent to their petition their immediate custodian, *i.e.,* the warden or custodian of the facility where they are detained, and they must file the petition in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Jurisdiction over a federal habeas petition lies in the district in which the petitioner's immediate custodian is located. *Id.* at 442. The parties agree that Petitioner has been detained in the Eastern District of California since the time he filed his petition and, thus, jurisdiction is proper in that district and not in the Western District of Washington.

Under the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed[.]" *See, e.g., Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). The Court finds that it is in the interest of justice to transfer the instant action to the Eastern District

of California to facilitate efficient resolution of Petitioner's federal habeas claim. Accordingly, the Court hereby ORDERS as follows:

(1) This case is TRANSFERRED to the Eastern District of California.

(2) The Clerk is directed to immediately effectuate the transfer and to close this case.

The Clerk is further directed to send copies of this Order to all counsel of record.

Dated this 19th day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge